**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**RICKY P. CURRY**                                         **CIVIL ACTION**

**VERSUS**                                                 **NO. 09-3799**

**SHERIFF MARLIN GUSMAN, ET AL.**                          **SECTION "N" (5)**

## REPORT AND RECOMMENDATION

Plaintiff, Ricky Curry, is a prisoner currently incarcerated within the Orleans Parish Prison system. In this *pro se* and *in forma pauperis* complaint, filed pursuant to 42 U.S.C. §1983, plaintiff complains about medication he has received while incarcerated. Plaintiff states that the drug, Catapres, was prescribed for him by prison doctors for his high blood pressure, but prison medical personnel did not inform him of the drug's side-effects. Now, according to plaintiff, if he does not receive Catapres he becomes ill and, if he had known of this potential side-effect, he would not have begun taking the medication. In addition to naming Orleans Parish Criminal Sheriff Marlin Gusman and prison medical personnel as defendants, plaintiff has also named as a defendant Mylan Pharmaceuticals, Inc. ("Mylan"), the

manufacturer of Catapres, seeking to hold Mylan liable for placing "no warning about adverse affects [sic] on bottles [of Catapres]." (Rec. doc. 1, p. 4).

An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). The Court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In doing so, the Court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116.

Section 1983 of the United States Code, Title 42, provides

that:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia**, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. [Emphasis added.]

Thus, to be liable under §1983, a defendant must be acting under color of state law in violating a plaintiff's rights. Mylan, a private pharmaceutical manufacturer, is not a state actor and, while a private actor acting in concert with state officials may be subject to §1983 liability, plaintiff does not allege that Mylan acted in concert with prison officials. See Thomas v. Glaxo Wellcome, Inc., 93 Fed. Appx. 807, 808 (6th Cir. 2004) (pharmaceutical manufacturer not a state actor and, therefore, not subject to liability under §1983 absent allegation that manufacturer acted in concert with state officials).

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that plaintiff's Section 1983 claims against defendant, Mylan Pharmaceuticals, Inc., be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[1]

New Orleans, Louisiana, this __7th__ day of __December__, 2009.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.

4